CASE 19—PETITION EQUITY—FEBRUARY 23.

# Stone vs. Lasley, &c.

### APPEAL FROM LARUE CIRCUIT COURT.

Ten twelfths of a tract of land were sold under execution and purchased by S., and the remainder was subsequently purchased by C. Each purchaser sold to sub-purchasers various small lots, and a sub-purchaser under C. brought eject-ment against strangers on two small parcels of the land. *Held*—That he was only entitled to recover two twelfths; also, that had there been no other sub-purchaser than the plaintiff (the cause having been transferred to equity), such an equitable partition might have been made as to allot to him the entire tracts claimed; but, in any equitable inter-allotment, the adversary sub-purchasers under S. have equal rights conflicting with that equity, consequently the court cannot discrim-inate.

C. G. WINTERSMITH, for appellants, cited 4 *Mon.*, 442; 2 *B. M.*, 379; 4 *Dana*, 282; 5 *Dana*, 278; *Litt. Sel. Cas.*, 252.

W. B. READ, for appellees, cited 8 *B. M.*, 102; 18 *B. M.*, 237; 3 *J. J. M.*, 554; 4 *B. M.*, 489; 6 *J. J. M.*, 493; 12 *B. Mon.*, 354; 9 *B. Mon.*, 247; 4 *Dana*, 563; 1 *Marsh.*, 494; 1 *Dana*, 565; 9 *Dana*, 323; 3 *B. Mon.*, 655.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The judgments exhibited and relied on by each party in this controversy to support his own claim, or invalidate that of his adversary, stand unreversed and are now irreversable for any imputed error or irregularity; and no one of them can be adjudged void, to any extent, for want of jurisdiction, nor voidable for alleged, but unproved, fraud. This court cannot revise any of them.

This judicial deduction disposes of most of the questions raised and discussed in this action of ejectment brought by the appellant Stone against the appellees Lasley and Walters, claiming under and defended by Sutherland.

Nor can any of the sales under execution be now inciden-tally invalidated for irregularity or indefiniteness.

Then the circuit court having, by judgment rendered be-fore the institution of this suit, decided—1st. That the lands

now in contest were embraced by the mortgage to Brown by Jediah Walters; 2d. That the mortgage had not been satisfied in Brown's lifetime; 3d. That Churchill had, before the date of the mortgage, sold to Jed. Walters the 134 acres and the 102 acres to which the parties in this action assert conflicting titles; that Churchill had been paid by Walters the entire consideration, and that the sale was never actually rescinded; and 4th. That Sutherland's purchase under execution against Reed's heirs was not void—none of these matters are now cognizable or tangible by this court in this case.

This conclusion relieves the case of a multitude of embarrassing questions agitated in the argument. It leaves the titles of Sutherland and Churchill as purchasers under Reed equally unquestionable—concedes the validity of Jed. Walters' purchase from Churchill, and that also of the appellant's title under Walters, and shows that all those titles cover to some extent the 134 acres, and also the 102 acres bought by the appellant at the last decretal sale under the mortgage; and, therefore, as to those two tracts, the only judicial question involves merely the relative extent and superiority of these conflicting titles of Sutherland and Walters.

It is quite clear that Sutherland's elder purchase embraced only ten twelfths, and Churchill's junior purchase extended only to the residual two twelfths undivided. Had there been no other sub-purchase than that of the appellant, such an equitable partition might be made as to allot to him the entire tracts of 134 and 102 acres. But, in any equitable inter-allotment, his adversary sub-purchaser and holders under Sutherland have equal rights conflicting with that equity. Consequently, as this court cannot discriminate in this respect between the conflicting claimants, justice allots to the appellant two twelfths, and no more, of those two tracts.

As to the remaining tract of about 34 acres, designated on the corrected plat by the figures 4, 2, 7, 8, we are of opinion that the line J. T. is one of the boundaries of Jed. Walters' home tract; and, consequently, that the said tract of about 34 acres was embraced by his mortgage—that Sutherland's purchase never embraced it, and that, therefore, the appellant, as

purchaser of it, has the exclusive right to it, and that the appellee Lasley's possession of it without title is tortious.

Wherefore, this action having been translated into equity, the circuit court erred in dismissing the appellant's petition in ejectment. Wherefore, the judgment in favor of Lasley, and that also in favor of Sutherland and Walters, are both reversed, and the cause remanded with instructions to render a judgment in the appellant's favor for the whole of the tract of land bounded by the figures 4, 2, 7, 8, and also for two undivided twelfth parts of the tract of 134 acres and the tract of 102 acres.